IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

**OBE E. JOHNSON,**

Plaintiff,

v.

**INSTITUCION CORRECIONAL SABANA HOYOS, et al.,**

Defendants.

**Civil No.** 16-1401(DRD)

## OPINION AND ORDER

### BACKGROUND

*Pro se* Plaintiff Obe Johnson ("Plaintiff") filed suit under 42 U.S.C. §1983 against Defendants Institución Correccional Sabana Hoyos ("Institution"), Sergeant Gonzalez[1] ("Gonzalez"), and an unknown prison guard at Institución Correccional Sabana Hoyos (collectively "Defendants"), where Plaintiff was imprisoned at all times relevant to the complaint.

Plaintiff alleges Defendants violated his Eight Amendment right against cruel and unusual punishment when Gonzalez and the unknown defendant kicked Plaintiff in the back and knocked him on the head while correctional staff were conducting a sweep for contraband on March 15, 2015 at 11:30 AM. *See* Docket No. 20 (Amended Complaint)[2]. Defendant Institution now moves to dismiss Plaintiff's complaint (Docket No. 20). Defendant avers Plaintiff has not made any allegations against the Institute and, in the

---

[1] Sergeant Gonzalez's first name is unknown to the Court. The US Marshals were unable to serve Gonzalez with summons and the complaint. *See* Docket No. 8.
[2] Plaintiff's initial complaint named Luis Muñiz and Efren Castro-Rosario as defendants. *See* Docket No. 3. Plaintiff's Amended Complaint lacks allegations against either person and Plaintiff did not include their names in the case caption of the amended document. *See* Docket No. 20, page 1. Accordingly, the Court **DISMISSES** all claims against initial Defendants Luis Muñiz and Efren Castro-Rosario are **WITHOUT PREJUDICE**. *See Connectu LLC v. Zuckerberg*, 522 F.3d 82, 91 (1st Cir. 2008)("An amended complaint, once filed, normally supersedes the antecedent complaint . . . the earlier complaint is a dead letter and 'no longer performs any function in the case.'").

1

alternative, that the Institution is an arm of the Commonwealth of Puerto Rico and is immune from suit under the Eleventh Amendment. For the reasons elucidated below, the Court **GRANTS** Defendants' motion.

**ANALYSIS**

Federal Rule of Civil Procedure 8(a) requires plaintiffs to provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Under *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007), a plaintiff must "provide the grounds of his entitlement [with] more than labels and conclusions." *See Ocasio-Hernandez v. Fortuño-Burset*, 640 F.3d 1, 12 (1st Cir. 2011) ("in order to 'show' an entitlement to relief a complaint must contain enough factual material 'to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact).')(quoting *Twombly*, 550 U.S. at 555) (citation omitted). A plaintiff must present allegations that "nudge [his] claims across the line from conceivable to plausible" in order to comply with the requirements of Rule 8(a). *Id.* at 570; *see e.g. Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

Plaintiff is a *pro se* litigant. As such, the Court affords his pleadings special consideration when evaluating Defendant's motion to dismiss. Specifically, "[a]s a general rule, [courts] are solicitous of the obstacles that *pro se* litigants face, and while such litigants are not exempt from procedural rules, we hold *pro se* pleadings to less demanding standards than those drafted by lawyers and endeavor, within reasonable limits, to guard against the loss of *pro se* claims due to technical defects." *Dutil v. Murphy*, 550 F.3d 154, 158–59 (1st Cir. 2008)(citing *Boivin v. Black,* 225 F.3d 36, 43 (1st Cir.2000)); *see also Haines v. Kerner,* 404 U.S. 519, 520, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972). Plaintiff's complaint, however, is devoid of factual allegations against Defendant Institution. The complaint's sole mention of the Institution comes on page five (5) of Exhibit 1 of the *Amended Complaint* when Plaintiff identifies the Institution as Defendant Gonzalez's employer. That said, "despite the liberal reading of *pro se* pleadings required by *Haines,* even *pro se* plaintiffs must plead specific facts concerning claims of civil rights violations . . . [i]f supportive facts are missing, it is not the place of the courts to supply them." *Cugini v. Ventetuolo*, 966 F.2d

1440 (1st Cir. 1992)(internal citations omitted). With the aforementioned principles in mind, the Court finds grounds to dismiss Plaintiff's claims against Defendant Institution without indulging in the typical two-step analysis required by motions to dismiss. *See Twombly*, 550 U.S. 544 and *Iqbal*, 556 U.S. 662.

Additionally, had Plaintiff pled facts raising a plausible claim for relief against Defendant Institution, the Eleventh Amendment would bar his request for monetary relief. Specifically, Plaintiff has sued a state prison, which is akin to suing an officer of the state in her official capacity, for $60,000 in damages. *See Kiman v. New Hampshire Dep't of Corr.*, 451 F.3d 274, 290 n. 18 (1st Cir. 2006)(Holding that suing an state employees in their official capacity is akin to suing the state.); *see also* Docket No. 20, page 2. Eleventh Amendment Immunity therefore, bars Plaintiff's claim for damages. *See Torres–Alamo v. Puerto Rico,* 502 F.3d 20 (1st Cir.2007); *see also Cardona–Roman v. Univ. of P.R.,* 799 F.Supp.2d 120, 129 (D.P.R.2011) (finding ADA employment discrimination suit against the University of Puerto Rico was barred by Eleventh Amendment immunity). Plaintiff has not requested any injunctive relief and, consequently, the Eleventh Amendment bars his claim for damages against Defendant Institución Correccional Sabana Hoyos.

## CONCLUSION

First, Plaintiff did not plead facts to support a plausible claim for relief against the aforementioned Defendant. Secondly, assuming *arguendo* that Plaintiff had pled sufficient facts to survive a plausibility attack, the Eleventh Amendment bars Plaintiff's claim for money damages. Accordingly, the Court **GRANTS** Defendant Institución Correccional Sabana Hoyos' *Motion to Dismiss* (Docket No. 21).[3]

---

[3] Due to the First Circuit's disfavor of piecemeal judgments, the Court may not enter partial judgments at this time. *See Nichols v. Cadle Co.*, 101 F.3d 1448, 1449 (1st Cir. 1996) ("piecemeal appellate review invites mischief. Because the practice poses a host of potential problems we have warned, time and again, that Rule 54(b) should be used sparingly."); *Zayas-Green v. Casaine, 906 F.2d 18, 21 (1st Cir. 1990)* ("This final judgment rule...furthers 'the strong congressional policy against piecemeal review.' ") (quoting In re *Continental Investment Corp.*, 637 F.2d 1, 3 (1st Cir. 1980)); *Comite Pro Rescate De La Salud v. Puerto Rico Aqueduct and Sewer Authority*, 888 F.2d 180, 183 (1st Cir. 1989); *Consolidated Rail Corp v. Fore River Ry. Co.*, 861 F.2d 322, 325 (1st Cir. 1988); *Spiegel v. Trustees of Tufts Coll.*, 843 F.2d 38, 43 (1st Cir. 1988); *Santa Maria v. Owens-Ill., Inc.*, 808 F.2d 848, 854 (1st Cir. 1986).

As to Defendant Gonzalez, the First Circuit has outlined two considerations for district courts to note when analyzing a motion to dismiss. *García-Catalán v. United States*, 734 F.3d 100, 104 (1st Cir. 2013). First, a complaint modeled on Form 11 of the Appendix of the Federal Rules of Civil Procedure which contains sufficient facts to make the claim plausible is ordinarily enough to surpass the standard prescribed under *Twombly-Iqbal*. *Id.* at 104. Second, district courts should accord "some latitude" in cases where "[a] material part of the information needed is likely to be within the defendant's control." *Id.* (more latitude is appropriate in cases where "it cannot reasonably be expected that the [plaintiff], without the benefit of discovery, would have any information about" the event that gave rise to the alleged injury.)(internal citations and quotations omitted). Here, Plaintiff has pled facts that raise a plausible claim for relief against Defendant Gonzalez. However, Plaintiff has been unable to serve Defendant Gonzalez because his first name is unknown and discovery has not yet began. In light of that fact, the Court **ORDERS Defendant Institución Correccional Sabana Hoyos to produce Defendant Sgt. Gonzalez for service on Tuesday, September 5, 2017 at 10:30 AM at the Institución Correccional Sabana Hoyos**.[4] Failure to produce Defendant for service may result in a finding of contempt of court.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 22nd day of August, 2017.

s/ Daniel R. Dominguez<br>
DANIEL R. DOMINGUEZ<br>
U.S. DISTRICT JUDGE

---

[4] Defendant may present an alternate proposal for service of Sgt. Gonzalez by way of an informative motion.